1   **WADDELL SERAFINO GEARY**
    **RECHNER JENEVEIN, P.C**
2   Joseph A. Geller, Esq., NV Bar 12378
    Shaun A Fernandez, Esq., NV Bar 15545
3   823 Las Vegas Blvd. S., Suite 240
    Las Vegas, Nevada 89101
4   Tel: (844) 670-2151
    NV@wslawpc.com
5   Attorneys for Plaintiff

                    **UNITED STATES DISTRICT COURT**
6                        **DISTRICT OF NEVADA**

7   HARRIS LAW FIRM, LLP, a Nevada          CASE NO.
    Limited Liability Partnership d/b/a
8   RICHARD HARRIS LAW FIRM;
9   RUSSELL RAMSEY, individually, and        **NOTICE OF REMOVAL**
    TONI RAMSEY, individually,
10                              Plaintiff,
11          vs.
    COMERICA BANK, a Foreign
12  Corporation, and Doe Individuals and
    Entities,
13                          Defendant(s)

14          **DEFENDANT COMERICA BANK'S NOTICE OF REMOVAL**

15          Defendant Comerica Bank ("Comerica Bank") files its Notice of Removal of this action

16  from the District Court for the County of Clark, State of Nevada, Case No. A-25-923983-C (the

17  "State Court Lawsuit"), to the United States District Court of Nevada, pursuant to 28 U.S.C. §§

18  1441 and 1446.  In support of this Notice, Comerica Bank states as follows:

19                              **I. INTRODUCTION**

20          1.      Plaintiffs are Harris Law Firm, LLP, a Nevada Limited Liability Partnership d/b/a

21  Richard Harris Law Firm; Russell Ramsey, and Toni Ramsey;  Defendant is Comerica Bank,

22
    Case No. A-25-923983-C.
23

24          2.      On July 23, 2025, Plaintiffs commenced this action against Comerica Bank by

25  filing the Complaint (the "Complaint") in Department 14, District Court of Clark County,

26  Nevada.  Attached to this Notice of Removal as Exhibit "A" is a copy of all process, pleadings

27  and orders served upon Defendant Comerica Bank in compliance with 28 U.S.C. §1446(a).

28

1       3.      Defendant Comerica Bank was served with the Complaint on or about July 28,

2   2025.

3       4.      Defendant Comerica Bank files this Notice of Removal within the 30-day time

4   period required by 28 U.S.C. §1446(b), as it is being filed within thirty (30) days after Defendant

5

6   Comerica Bank was served with the Complaint.

7                   **II.  BASIS FOR REMOVAL**

8       A.      **Removal is Appropriate Because There is Diversity Jurisdiction**

9       5.      As the suit involves parties of diverse citizenship and the amount in controversy

10  exceeds $75,000, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

11      6.      Upon information and belief and as plead by Plaintiffs, Plaintiffs have been and

12

13  at all times since, and still are, citizens of the State of Nevada.

14      7.      Defendant Comerica Bank was at the time of filing this action, has been at all

15  times since, and still is, a banking association and maintains its principal place of business in

16  Dallas, Texas.   As such, Comerica Bank is a citizen of the State of Texas.

17      8.      Diversity jurisdiction exists when a removing defendant establishes by a

18  preponderance of the evidence that the amount in controversy exceeds $75,000.  Given the nature

19

20  of the allegations and injuries alleged by Plaintiffs that they suffered damages of at least

21  $161,673.82, the damages sought exceed $75,000, exclusive of interest and costs.

22      9.      Removal is appropriate in this case because there is complete diversity of

23  citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of

24  interest and costs (see 28 U.S.C. § 1332(a)(1)), and no Defendant is a resident of Nevada (see 28

25  U.S.C. § 1441(b) (where a district court's jurisdiction is based on diversity of citizenship, "such

26  action shall be removable only if none of the parties properly joined and served as defendant is a

27  citizen of the state in which such action is brought")).

28

### III.   OTHER PROCEDURAL REQUIREMENTS

10.   Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit is pending is located in this District. Moreover, the Clark County District Court, State of Nevada, is also within the judicial district and division of this Court under 28 U.S.C. § 124(a)(1).

11.   Concurrent with filing this Notice of Removal, Defendant Comerica Bank is giving written notice of filing of this Notice of Removal to all parties of record and filing a copy of the Notice of Removal with the clerk of the court in the State Court Lawsuit as required by 28 U.S.C. § 1446(d).

12.   Defendant Comerica Bank will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing Notice of Removal, with the clerk of the state court where the action has been pending. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "D."

13.   Thus, Defendant Comerica Bank gives notice that the above-referenced State Court Lawsuit now pending in Department 14, District Court of Clark County, Nevada has been removed to this Court.

///

///

///

## IV.    CONCLUSION

WHEREFORE, Defendant Comerica Bank removes to this Court the above-entitled action, now pending in the Clark County District Court, State of Nevada, and requests that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court

Respectfully submitted this 18 day of August 2025.


_____
Waddell Serafino Geary Rechner Jenevein, P.C.
Joseph A. Geller, Esq., NV Bar 12378
Shaun A. Fernandez, Esq., NV Bar 15545
823 Las Vegas Blvd. S., Suite 240
Las Vegas, Nevada 89101
Tel: (702)331-8470
Attorney for Defendant

1  **WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
   Joseph A. Geller, Esq., NV Bar 12378
2  Shaun A. Fernandez, Esq., NV Bar 15545
   4000 S. Eastern Ave., Suite 340
3  Las Vegas, NV 89119
   Tel: (844) 670-2151
4  NV@wslawpc.com
   Attorneys for Plaintiff
5                          **EIGHTH JUDICIAL DISTRICT COURT**
                              **CLARK COUNTY, NEVADA**
6

7  HARRIS LAW FIRM, LLP, a Nevada          CASE NO.
   Limited Liability Partnership d/b/a
8  RICHARD HARRIS LAW FIRM;                 **CERTIFICATE OF SERVICE**
   RUSSELL RAMSEY, individually, and
9  TONI RAMSEY, individually,
                              Plaintiff,
10     vs.
   COMERICA BANK, a Foreign
11 Corporation, and Doe Individuals and
   Entities,
12                         Defendant(s)

13        I HEREBY CERTIFY that on the 18 day of August 2025,  I placed a true and correct

14 copy of the foregoing NOTICE OF REMOVAL via e-service and in the United States Mail, with

15 first-class postage prepaid, addressed to the following:

16
              RICHARD HARRIS LAW FIRM
17            David A. Clark, Esq., NV Bar No. 4443
              801 S. 4th Street
18            Las Vegas, NV 89101

19

20            Per NRS 53.045, I declare under penalty of perjury that the foregoing is true and
              correct. Further, NRS 239B.030. The undersigned affirms that the foregoing document
21            does not contain a social security number.

22

23

24            _____
              Employee of WADDELL SERAFINO GEARY RECHNER
25            JENEVEIN, P.C.

26

27

28

## EXHIBIT A

## STATE COURT DOCKET SHEET AND
## ALL DOCUMENTS REQUIRED BY 28 U.S.C. §1446(a)

|   | Date | Document |
|---|------|----------|
| 1 |          | Docket Sheet (Exhibit "B") |
| 2 | 07/23/25 | Complaint |
| 3 | 07/23/25 | Initial Appearance Fee Disclosure |
| 4 | 07/23/25 | Summons to Comerica Bank |
| 5 |          | List of All Counsel of Record (Exhibit "C") |
| 6 |          | Notice of Filing Notice of Removal (Exhibit "D") |

**EXHIBIT B**

**DOCKET**

## Case Information

A-25-923983-C | Harris Law Firm LLP, Plaintiff(s) vs. Comerica Bank, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-25-923983-C | Department 14 | Talim, Tina |
| File Date | Case Type | Case Status |
| 07/23/2025 | Other Civil Matters | Open |

## Party

Plaintiff
Harris Law Firm LLP

  Aliases
  *DBA* Richard Harris Law Firm

Active Attorneys ▼
**Lead Attorney**
**Clark, David A.**
**Retained**

Plaintiff
Ramsey, Russell

Plaintiff
Ramsey, Toni

Defendant
Comerica Bank

## Events and Hearings

  07/23/2025 Complaint ▼

Comment
[1] Complaint

07/23/2025 Initial Appearance Fee Disclosure ▼

Comment
[2] Initial Appearance Fee Disclosure

07/23/2025 Summons Electronically Issued - Service Pending ▼

Comment
[3] Summons to Comerica Bank

## Financial

Harris Law Firm LLP

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $330.00 |
| | Total Payments and Credits | | | $330.00 |
| 7/24/2025 | Transaction Assessment | | | $330.00 |
| 7/24/2025 | Efile Payment | Receipt # 2025-57096-CCCLK | Harris Law Firm, LLP dba Richard Harris Law Firm | ($330.00) |

2

COMPLAINT

Electronically Filed
7/23/2025 8:34 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
2  DAVID CLARK
   Nevada Bar No. 04443
3  **RICHARD HARRIS LAW FIRM**
   801 South Fourth Street
4  Las Vegas, Nevada 89101
   Phone: (702) 444-4444
5  Fax: (702) 444-4455
   E-Mail: david@richardharrislaw.com
6  *Attorneys for Plaintiffs*

CASE NO: A-25-923983-C
Department 14

7                    **DISTRICT COURT**

8                **CLARK COUNTY, NEVADA**

9  HARRIS LAW FIRM. LLP. a Nevada Limited
10 Liability Partnership dba RICHARD HARRIS      CASE NO.:
   LAW FIRM; RUSSELL RAMSEY,                     DEPT NO.:
11 individually, and TONI RAMSEY,
   individually:
12
                    Plaintiff.
13 vs.
                                                 **COMPLAINT**
14 COMERICA BANK. a Foreign Corporation,
   DOE INDIVIDUALS AND ENTITIES 1
15 THROUGH 10.
16                  Defendants.

17       Plaintiffs. RUSSELL RAMSEY, TONI RAMSEY and HARRIS LAW FIRM. LLP. a

18 Nevada Limited Liability Partnership dba RICHARD HARRIS LAW FIRM. by and through their

19 attorney of record. DAVID A. CLARK of the RICHARD HARRIS LAW FIRM. hereby complain

20 and allege as follows:

21                    **PARTIES AND JURISDICTION**

22       1.     Plaintiff. HARRIS LAW FIRM. LLP. is a Nevada limited liability partnership,

23 licensed and doing business in the County of Clark, State of Nevada as RICHARD HARRIS LAW

24 FIRM ("RHLF").

25       2.     Plaintiff. RUSSELL RAMSEY, at all times mentioned. was and is a resident of the

26 State of Nevada.

27       3.     Plaintiff. TONI RAMSEY, at all times mentioned, was and is a resident of the State

28 of Nevada.

                              Page 1 of 9

4.     Defendant, COMERICA BANK, doing business as Comerica Bank ("Comerica"), is a Texas-based national bank with its principal place of business in Dallas, Texas. Comerica operates across multiple states, including Nevada, and engages in interstate banking and wire transfer services.

5.     The true names of DOES I through X, their citizenship and capacities, whether individual, corporate associate, partnership or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

6.     DOES I through X are agents, employees, contractors, independent contractors, subcontractors, underwriters, and/or representatives of Defendants, and each of them, who were involved in, enforced, participated in the handling of the wire transfer by RHLF on behalf of its clients, Toni Ramsey and Russell Ramsey, as herein alleged.

7.     Upon information and belief, DOE Defendants are responsible in some actionable manner for the events and happenings hereinafter referred to, and caused damages thereby to Plaintiffs, as hereinafter alleged.

8.     Upon information and belief, DOE Defendants were involved in the initiation, approval, support or execution of the wrongful acts alleged herein against Plaintiffs of which Plaintiffs are presently unaware.

9.     At all times mentioned herein, Defendants, and each of them, were agents, servants, partners, employees or joint ventures of every other Defendants and/or DOE Defendants, and at all times mentioned herein were acting within the course and scope of said agency, partnership, employment, or joint venture, with knowledge, permission and consent of all said Defendants

and/or DOE Defendants and each of them, and in furtherance of the Defendant's and/or DOE Defendants' business.

10.     This Court also has jurisdiction over this matter because Defendant and/or DOE Defendants directs its activities to residents of Clark County, Nevada; does business in Clark County, Nevada; offers and conducts banking services with Nevada residents including RHLF and RHLF's clients, Plaintiffs, Toni Ramsey and Russell Ramsey; and the claims asserted arises out of Defendant Comerica's and/or DOE Defendants' Nevada-related activities.

11.     This Court also has jurisdiction over this matter because Plaintiffs reside and do business in Clark County, Nevada; the claim asserted arises out of RHLF's Nevada-related activities and the Clients' legal claims and this action seeks declaratory relief and involves an amount in controversy in excess of $15,000.

12.     Venue is proper in the Eighth Judicial District Court of Nevada pursuant to Chapter 13 of the Nevada Revised Statutes because a substantial part of the events giving rise to this action occurred in Nevada, including Plaintiffs' wiring of funds from Nevada in reliance on the fraudulent Comerica account.

## GENERAL ALLEGATIONS

13.     RHLF represented clients, Plaintiffs Toni Ramsey and Russell Ramsey ("the Clients"), in claims for damages arising from personal injuries.

14.     Following settlement of their claims, the Clients directed that settlement funds totaling $161,673.82 be wired from RHLF's bank to the Clients' bank account.

15.     However, in or around June through August 2023, third-party criminal actor(s) posing as one of RHLF's Clients fraudulently opened a bank account at a Comerica branch located in Texas, under a name substantially similar to that of RHLF's Client.

16.     These criminal actors also created fraudulent email addresses substantially similar to one of RHLF's Clients and directed RHLF's personnel to wire the funds to the fraudulently created Comerica account.

17.    Upon information and belief. Comerica negligently accepted falsified credentials and failed to follow basic procedures. protocols. and regulations. including but not limited to. KYC (Know Your Customer) and AML (Anti-Money Laundering). The account was opened without proper verification. despite readily identifiable red flags. including false identification and use of non-verifiable documentation.

18.    Relying on email communications and fraudulent documentation from the impersonator. RHLF —believing it was communicating with its Clients—wired $161.673.82 from its Nevada account to the fraudulent Comerica account.

19.    Comerica accepted the wire without detection, facilitated the withdrawal and disappearance of the funds by the criminal actor(s). and has refused to reverse or refund the transaction despite its own complicity.

20.    After diligent investigation despite the fraud committed upon it, RHLF notified Comerica and law enforcement as soon as practicable upon discovering the fraud, but the funds had been irreversibly transferred or withdrawn due to Comerica's failure to freeze or monitor the suspicious account activity.

21.    RHLF has paid to the Clients the full amount of the wired funds - 161,673.82 and. by agreement, is entitled to seek reimbursement for this sum.

### FIRST CLAIM FOR RELIEF
### (Declaratory Relief Pursuant to NRS § 30.010 Et Seq.)

22.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

23.    Under NRS §30.010 *et seq.*, the Uniform Declaratory Judgments Act. any person interested under a deed. written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute. municipal ordinance. contract or franchise. may have determined any question of construction or validity arising under the instrument. statute. ordinance. contract or franchise and obtain a declaration of rights. status or other legal relations thereunder.

24.     A justiciable controversy exists as to whether Comerica and/or DOE Defendants are liable for reimbursement to Plaintiffs of the monies lost to the criminal wire fraud.

25.     The amount in controversy is in excess of $15,000.

26.     Plaintiffs have a legally protectible interest in the controversy, *i.e.*, the Clients' money that Comerica caused to be stolen.

27.     The issue involved in the controversy is ripe for judicial determination because there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28.     Accordingly, Plaintiffs request a declaratory judgment that Comerica and/or DOE Defendants are liable for payment to Plaintiffs of the money lost to the criminal fraud actors plus interest.

29.     As an actual and proximate result of Defendant Comerica's and/or DOE Defendants' conduct, Plaintiffs have suffered, and continue to suffer, economic detriment and damages in an amount in excess of $15,000.

30.     As a further proximate result of Defendant and/or DOE Defendants' conduct, Plaintiffs had to retain the services of an attorney, for which Plaintiffs have incurred and will continue to incur attorneys' fees and costs in an amount in excess of $15,000.

## SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty against Comerica)

31.     Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

32.     In or around June 2023, RHLF wired $161,673.82 from its Nevada account to the fraudulent Comerica account.

33.     Plaintiffs were entitled to rely upon Comerica and/or DOE Defendants because they are a regulated and licensed national bank which is regularly responsible for handling funds due to

others in similar situations as Plaintiff. As such, because of Comerica's status and reputation,
Plaintiffs had no reason to suspect them of mismanagement or wrongdoing.

34.    A fiduciary relationship existed between Plaintiffs and Defendant, Comerica and/or
DOE Defendants in which Plaintiffs had the right to expect trust and confidence in the integrity and
fidelity of another.

35.    A fiduciary relationship existed between Plaintiffs and Defendant, Comerica, and/or
DOE Defendants in which Plaintiffs had the right to expect that Defendant Comerica and/or DOE
Defendants would: (1) ensure through diligent verification and procedures that the criminal actors
would not be able to open a fraudulent account in a name similar to one of Plaintiff's clients, and
(2) hold in trust and safeguard the Clients' money would be returned or properly transmitted to the
Clients rather than allow such funds to be converted by the criminal actors in this matter.

36.    Defendants, Comerica, and/or DOE Defendants breached their fiduciary duty to
Plaintiffs by failing to maintain the integrity of its accounts through proper verification and
monitoring, and to safekeep Plaintiffs' wire funds and allowing those funds to be stolen.

37.    As an actual and proximate result of Defendant Comerica's and/or DOE Defendants'
conduct, Plaintiffs have suffered, and continue to suffer, economic detriment and damages in an
amount in excess of $15,000.

38.    As a further proximate result of Defendant and/or DOE Defendants' conduct,
Plaintiffs have had to retain the services of an attorney, for which Plaintiffs have incurred and will
continue to incur attorneys' fees and costs in an amount in excess of $15,000.

### THIRD CLAIM FOR RELIEF
### (Deceptive Trade Practice)

39.    Plaintiffs repeat and reallege each and every allegation set forth above as through
each were set forth herein.

40.    Defendant, Comerica, and/or DOE Defendants and their representatives had a duty
to provide competent banking services, ensure verified and legitimate bank accounts opened in the
proper name of the customer, verify and maintain the integrity of wire transfers, keep accurate

records, provide factual and truthful information, and to follow the guidelines required by the Nevada's laws and regulations.

41.    Defendant, Comerica and/or DOE Defendants and their representatives, failed in their duty allowing the criminal actors to open a fraudulent account in a name substantially similar to that of the name of one of the Clients, failing to properly receive RHLF's wired funds, failing to properly safeguard and transmit those funds to the Clients and/or returning the wired funds back to Plaintiffs, despite having an obligation to do so.

42.    The failure of Defendant and/or DOE Defendants and their representatives to meet their obligations and/or fulfill their responsibilities was a substantial factor in causing Plaintiffs' loss.

43.    As a result of the actions of Defendant, Comerica and/or DOE Defendants and their representatives, Plaintiffs have suffered financial hardship and distress.

44.    Defendant Comerica, and/or DOE Defendants violated NRS § 598.092(8), when it "Knowingly misrepresents the legal rights, obligations or remedies of a party to a transaction."

45.    The misrepresentations were made with knowledge and forethought of the consequences of the resulting inactions and deliberate refusal to safeguard the wired funds or return them to Plaintiffs.

46.    As a result of the Defendant and/or DOE Defendants' actions, Plaintiffs sustained damages in excess of $ 15,000.

47.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter and should be awarded reasonable attorneys' fees and costs of suit incurred herein.

### FOURTH CAUSE OF ACTION
### (Conversion)

48.    Plaintiffs repeat and reallege each and every allegation set forth above as though each were set forth herein.

49.   Defendant Comerica and/or DOE Defendants wrongfully exercised dominion and control over funds or property belonging to Plaintiffs without authorization.

50.   As a result, Plaintiffs are entitled to damages or restitution equivalent to the value of the converted property, plus interest.

51.   Plaintiffs' injuries were caused solely and proximately by the Defendant's and/or DOE Defendants' intentional and negligent acts and without any contributory negligence or fault on the part of the Plaintiffs.

52.   Defendant Comerica's and/or DOE Defendants' conduct as alleged above was the actual and proximate cause of injuries incurred by Plaintiffs, resulting in damages an amount in excess of $15,000.

53.   It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and should be awarded reasonable attorneys' fees and costs of suit incurred herein.

### FIFTH CAUSE OF ACTION
#### (Negligence / Negligence Per Se)

54.   Plaintiffs repeat and reallege each and every allegation set forth above as though each were set forth herein.

55.   In or about July 2024, Plaintiffs were the victims of fraud against and through Defendant, Comerica and suffered injuries.

56.   Defendant, Comerica and/or DOE Defendants owed a duty to Plaintiffs to exercise reasonable care in the handling of its accounts, services, and fiduciary responsibilities.

57.   Defendant, Comerica and/or DOE Defendants breached its duty by negligently allowing unauthorized transfers, failing to follow account security protocols, regulations and accepted banking practices, etc.

58.   Defendant Comerica's and/or DOE Defendants' negligence was the actual and proximate cause of injuries incurred by Plaintiff, resulting in a monetary loss, plus interest, in an amount in excess of $15,000.

59.     It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SIXTH CAUSE OF ACTION
### (Aiding and Abetting Fraud)

60.     Plaintiffs repeat and reallege each and every allegation set forth above as though each were set forth herein.

61.     Defendant, Comerica, and/or DOE Defendants had actual or constructive knowledge of fraudulent conduct being perpetrated and substantially assisted or encouraged such fraud.

62.     Defendant, Comerica and/or DOE Defendants actions constitute aiding and abetting fraud under Nevada law, causing Plaintiffs substantial harm.

63.     Defendant Comerica's and/or DOE Defendants' actions, as alleged above, were the actual and proximate cause of Plaintiff's harm, in an amount in excess of $15,000.

64.     It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter and should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment as against Defendants as follows:

1.     Compensatory damages in excess of $15,000, according to proof at trial;

2.     Interest from the time of service of this complaint as allowed by NRS 17.130;

3.     Costs of suit and attorney fees; and

4.     For such other and further relief as the court may deem appropriate.

DATED: July 23, 2025.

RICHARD HARRIS LAW FIRM


/s/ David A. Clark
DAVID A. CLARK
Nevada Bar No. 04443
*Attorney for Plaintiff*

# 3

# INITIAL APPEARANCE FEE DISCLOSURE

Electronically Filed
7/23/2025 8:34 PM
Steven D. Grierson
CLERK OF THE COURT

1    **IAFD**
     DAVID A. CLARK
2    Nevada Bar No.: 04443
     **RICHARD HARRIS LAW FIRM**
3    801 South Fourth Street
     Las Vegas, Nevada 89101
4    Telephone: (702) 444-4444
     Facsimile: (702) 444-4455         **CASE NO: A-25-923983-C**
5    Email: David@richardharrislaw.com      **Department 14**
     *Attorney for Plaintiffs*
6

7                   **DISTRICT COURT**
                **CLARK COUNTY, NEVADA**

8    HARRIS LAW FIRM, LLP, a Nevada Limited Liability    CASE NO.:
     Partnership dba RICHARD HARRIS LAW FIRM;    DEPT NO.:
9    RUSSELL RAMSEY, individually, and TONI
     RAMSEY, individually;
10

11             Plaintiff,              **INITIAL APPEARANCE FEE**
     vs.                                **DISCLOSURE**
12
     COMERICA BANK, a Foreign Corporation,
13

14            Defendants.

15        Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

16 parties appearing in the above entitled action as indicated below:

17      HARRIS LAW FIRM, LLP, a Nevada Limited Liability      270.00
     Partnership dba RICHARD HARRIS LAW FIRM
18
     RUSSELL RAMSEY, individually                  30.00
19

20      TONI RAMSEY, individually;                 30.00

21    **TOTAL REMITTED:**                      **$330.00**

22      Dated: July 23, 2025.

23                     **RICHARD HARRIS LAW FIRM**

24                     */s/ David A/ Clark*
25                     DAVID A. CLARK
                    801 South Fourth Street
26                     Las Vegas, Nevada 89101
                    Telephone: (702) 444-4444
27                     Facsimile: (702) 444-4455
                    Email: David@richardharrislaw.com
28                     *Attorney for Plaintiffs*

                       Page 1 of 1

4

# SUMMONS

7/23/2025 8:35 PM

1   **SUMM**
    DAVID A. CLARK
2   Nevada Bar No.: 04443
    **RICHARD HARRIS LAW FIRM**
3   801 South Fourth Street
    Las Vegas. Nevada 89101                     CASE NO: A-25-923983-C
4   Telephone: (702) 444-4444                         Department 14
    Facsimile: (702) 444-4455
5   Email: David@richardharrislaw.com
6   *Attorney for Plaintiffs*
7                           **DISTRICT COURT**
8                        **CLARK COUNTY, NEVADA**
9   HARRIS LAW FIRM. LLP. a Nevada Limited        CASE NO.:
    Liability Partnership dba RICHARD HARRIS      DEPT NO.:
10  LAW FIRM: RUSSELL RAMSEY.
    individually. and TONI RAMSEY,
11  individually;
12                              Plaintiff.
    vs.                                          **SUMMONS TO COMERICA BANK**
13  COMERICA BANK. a Foreign Corporation,
14                              Defendants.
15  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
16  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ**
    **THE INFORMATION BELOW.**
17  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the
18  relief set forth in the Complaint.
19                             **COMERICA BANK**
20  1.    If you intend to defend this lawsuit. within 21 days after this Summons is served on you
21  exclusive of the day of service. you must do the following:
22          (a)    File with the Clerk of this Court, whose address is shown below. a formal written
23  response to the Complaint in accordance with the rules of the Court, with the appropriate filing
24  fee.
25          (b)    Serve a copy of your response upon the attorney whose name and address is shown
    below.
26
27
28
                              Page 1 of 2

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

/s/ David A. Clark
DAVID A. CLARK
Nevada Bar No. 04443
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
*Attorneys for Plaintiff*

**STEVEN D. GRIERSON**
**CLERK OF COURT**                     7/24/2025

By: _____
**DEPUTY CLERK**                        Date
Regional Justice Center Laurie Williams
200 Lewis Avenue
Las Vegas, NV 89155

Page 2 of 2

## EXHIBIT C

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiffs:**
David A. Clark
Nevada State Bar No. 4443
david@RichardHarrisLaw.com
**RICHARD HARRIS LAW FIRM**
801 S. 4th Street
Las Vegas, NV 89101
702-745-8555

**Counsel for Defendant:**
Joseph Geller
Nevada State Bar No. 12378
jgeller@wslawpc.com
Shaun Fernandez
State Bar No. 15545
sfernandez@wslawpc.com
**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
4000 S. Eastern Avenue, Suite 340
Las Vegas, NV 89119
702-331-8470

**EXHIBIT D**

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

1   **WADDELL SERAFINO GEARY**
    **RECHNER JENEVEIN, P.C**
2   Joseph A. Geller, Esq., NV Bar 12378
    Shaun A Fernandez, Esq., NV Bar 15545
3   823 Las Vegas Blvd. S., Suite 240
    Las Vegas, Nevada 89101
4   Tel: (844) 670-2151
    NV@wslawpc.com
5   Attorneys for Plaintiff

                    **EIGHTH JUDICIAL DISTRICT COURT**
6                       **CLARK COUNTY, NEVADA**

7   HARRIS LAW FIRM, LLP, a Nevada          CASE NO.  A-25-923983-C
    Limited Liability Partnership d/b/a     DEPT. NO. 14
8   RICHARD HARRIS LAW FIRM;
9   RUSSELL RAMSEY, individually, and       <u>**NOTICE OF FILING OF REMOVAL**</u>
    TONI RAMSEY, individually,
10                              Plaintiff,
                vs.
11  COMERICA BANK, a Foreign
12  Corporation, and Doe Individuals and
    Entities,
13                          Defendant(s)

14          NOTICE TO:  RICHARD HARRIS LAW FIRM
                        David A. Clark, Esq., NV Bar No. 4443
15                      801 S. 4th Street
                        Las Vegas, NV 89101
16                      702-745-8555
                        david@RichardHarrisLaw.com
17

18          On August 18, 2025, Defendant Comerica Bank filed the attached Notice of Removal of

19  this action from the District Court for Clark County, Nevada, Case No. A-25-923983-C (the

20  "State Court Lawsuit"), to the United States District Court for Nevada, pursuant to 28 U.S.C. §§

21  1441 and 1446.  A copy of the Notice of Removal is attached hereto pursuant to 28 U.S.C. §

22  1446(d).

23  ///

24  ///

25  ///

26

27

28

**Affirmation Pursuant to NRS 239B.030:** The undersigned does hereby affirm that the preceding document, Motion for Summary Judgment, does not contain the Social Security number of any person.

Respectfully submitted this 18 day of August 2025.

Waddell Serafino Geary Rechner Jenevein, P.C.
Joseph A. Geller, Esq., NV Bar 12378
Shaun A. Fernandez, Esq., NV Bar 15545
823 Las Vegas Blvd. S., Suite 240
Las Vegas, Nevada 89101
Tel: (702)331-8470
Attorney for Defendant

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
Joseph A. Geller, Esq., NV Bar 12378
Shaun A. Fernandez, Esq., NV Bar 15545
4000 S. Eastern Ave., Suite 340
Las Vegas, NV 89119
Tel: (844) 670-2151
NV@wslawpc.com
Attorneys for Plaintiff

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| HARRIS LAW FIRM, LLP, a Nevada Limited Liability Partnership d/b/a RICHARD HARRIS LAW FIRM; RUSSELL RAMSEY, individually, and TONI RAMSEY, individually, <br> Plaintiff, <br> vs. <br> COMERICA BANK, a Foreign Corporation, and Doe Individuals and Entities, <br> Defendant(s) | CASE NO.  A-25-923983-C <br> DEPT. NO. 14 <br><br> **CERTIFICATE OF SERVICE** |

I HEREBY CERTIFY that on the 18 day of August 2025,  I placed a true and correct copy of the foregoing NOTICE OF FILING OF REMOVAL VIA Electronic Service and in the United States Mail, with first-class postage prepaid, addressed to the following:

> RICHARD HARRIS LAW FIRM
> David A. Clark, Esq., NV Bar No. 4443
> 801 S. 4th Street
> Las Vegas, NV 89101

Per NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct. Further, NRS 239B.030. The undersigned affirms that the foregoing document does not contain a social security number.

_____
Employee of WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.